**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SARAH AHMED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: |
| | ) **JURY DEMAND** |
| AVEDA EXPERIENCE CENTERS, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, SARAH AHMED, by and through her attorneys, S.T. LEGAL GROUP, and who for her Complaint against the Defendant, AVEDA EXPERIENCE CENTERS, INC., alleges as follows:

**NATURE OF ACTION**

1. This lawsuit arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*, for discrimination on the basis of disability.

**JURISDICTION**

2. Federal jurisdiction arises under the provisions of ADA, 42 U.S.C. § 12101 *et. seq.*, and federal question jurisdiction under 28 U.S.C. § 1331 and § 1343.

**VENUE**

3. Pursuant to 29 U.S.C. § 1391, venue lies in the Northern District of Illinois in that Plaintiff is a resident in this District, the Defendant is engaged in a business in this District, and a

substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. At all relevant times, the Plaintiff, SARAH AHMED, was a resident of Roselle, County of DuPage, State of Illinois.

5. At all relevant times, the Defendant, AVEDA EXPERIENCE CENTERS, INC. (hereinafter "AVEDA"), was a foreign corporation doing business in Illinois with a location at Woodfield Mall in Schaumburg, Illinois. The Defendant is engaged in the business manufacturing and selling hair care, skin care, make-up, and other products.

## BACKGROUND

6. On or about August 29, 2016, the Plaintiff, SARAH AHMED, agreed to become an employee of the Defendant, AVEDA, as a Part-Time Advisor. Her most recent title was Full-Time Lead Advisor at the Woodfield location.

7. On or about November 2018, Plaintiff, SARAH AHMED, was diagnosed with cholesteatoma that had spread to the jaw and brain.

8. The Defendant, AVEDA, was aware Plaintiff's condition as on one occasion the cholesteatoma caused Plaintiff to lose consciousness while working.

9. During the relevant time period, Defendant, AVEDA, had a point system to penalize employees who arrive to work late, leave early, call in sick, or commit other timeliness infractions.

10. When the Plaintiff, SARAH AHMED, would need time off due to conditions

brought about by her brain tumor, such has nausea, vomiting, migraine headaches, cognitive fog and vertigo, she would receive either half a point or a full point penalty. There were no exceptions on the basis of disability, or any other reason, to the Defendant's "point system" absentee policy. Accrual of points would result in disciplinary action.

11. Defendant, AVEDA, was aware that Plaintiff, SARAH AHMED's symptoms were inconsistent and their onset was often without warning.

12. It was within managerial authority to assign points to employees and otherwise enforce the "point system policy." While the attendance policy was strictly enforced as to Plaintiff, SARAH AHMED, it was not enforced as strictly for similarly situated, non-disabled employees.

13. On October 29, 2019, Plaintiff, SARAH AHMED, notified her employer that she would need to go on short-term disability leave due to symptoms and conditions stemming from the cholesteatoma.

14. In May 2020, Plaintiff, SARAH AHMED, was scheduled to return to work from short-term disability leave. However, as a result of the COVID-19 pandemic, the Defendant, AVEDA, had temporarily closed its stores.

15. At that time, upon information and belief, all employees of the Defendant, AVEDA, were furloughed.

16. At or around this time, Plaintiff, SARAH AHMED's found that her status was changed from a full-time employee to a part-time employee sometime during the 2019 year. Upon information and belief, other similarly situated, non-disabled employees did not have their

3

hours reduced.

17. Upon information and belief, the other employees of Defendant, AVEDA, who do not have disabilities, received payouts for their vacation time, while Plaintiff, SARAH AHMED, did not.

18. In or around June 2020, Defendant, AVEDA, held a meeting with its employees advising them on how they were going to re-open their stores.

19. On June 24, 2020, Plaintiff, SARAH AHMED, received a phone call from an agent of the Defendant, AVEDA, and was informed that her position had been eliminated. The Plaintiff, SARAH AHMED, was instructed to return her keys.

20. Upon information and belief, the non-disabled employees at the Woodfield store were retained.

21. In or around July 2020, an Assistant Manager, non-disabled, was hired to work at the Woodfield store.

22. Upon information and belief, at all times relevant hereto, Plaintiff, SARAH AHMED, was the only employee of Defendant, AVEDA, at the Woodfield store with a disability.

23. On March 14, 2022, Plaintiff, SARAH AHMED, received a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"), a copy of which is attached hereto as Exhibit 1.

**COUNT I - Violation of Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.***

24. The Plaintiff, SARAH AHMED, incorporates and adopts paragraphs 1 through 23 as if set forth herein fully as paragraph 24.

25. At all relevant times, there was in effect in the State of Illinois the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* (hereinafter "ADA").

26. During the course of her employment, the Plaintiff, SARAH AHMED, was an "employee" as defined by the ADA.

27. During the course of employment, the Defendant, AVEDA, was an "employer" as that term is defined by the ADA. In particular, the Defendant, AVEDA, employed fifteen or more employees, including the Plaintiff.

28. At all relevant times, the Plaintiff, SARAH AHMED, was a qualified individual with a disability within the meaning of 42 U.S.C. § 12101(2)(A), § 12102(2)(B), and § 12102(2)(C) based upon her previously described medical conditions.

29. At all relevant times, the Plaintiff, SARAH AHMED, had one or more impairments, as previously described, within the meaning of the ADA that substantially limited one or more of her major life activities.

30. The Plaintiff was regarded as having such impairment by the Defendant, AVEDA.

31. At all relevant times, the Plaintiff, SARAH AHMED, was qualified to perform the essential functions of her job within the meaning of the ADA.

5

32. While the Plaintiff, SARAH AHMED, was employed by the Defendant, AVEDA, she satisfactorily performed her duties with the Defendant.

33. Pursuant to the ADA, it is a civil rights violation for employers to discriminate on the basis of disability in all aspects of employment, including discipline.

34. In violation of the Americans with Disabilities Act, the Defendant, AVEDA, committed one or more of the following actions:

  a. Disciplined the Plaintiff on the basis of her disability or need for accommodation of a leave of absence;

  b. Created negative working conditions for the Plaintiff on the basis of her disability or need for accommodation of a leave of absence;

  c. Interfered with the Plaintiff's benefits on the basis of her disability or need for accommodation of a leave of absence;

  d. Failed to return the Plaintiff to her position or a similar position after the stores re-opened due to her disability or need for accommodation of a leave of absence;

  e. Terminated the Plaintiff on the basis of her disability or need for accommodation of a leave of absence; and

  f. Was otherwise in violation of the Americans with Disabilities Act.

35. As a result of the discriminatory and retaliatory conduct of the Defendant, AVEDA, the Plaintiff, SARAH AHMED, has sustained the following and ongoing damages:

  a. Loss of wages, benefits, and income from the time of her termination and ongoing;

  b. Humiliation, embarrassment, and emotional distress damages and ongoing;

      c.      Attorneys' fees and costs for the prosecution of this action and ongoing;

      d.      Prejudgment interest; and

      e.      Other losses to be determined.

WHEREFORE, the Plaintiff, SARAH AHMED, prays for judgment against the Defendant, AVEDA EXPERIENCE CENTER, INC. plus her costs of suit, statutory penalties, and attorneys' fees.

### JURY DEMAND

A Jury Trial is requested on all claims triable by a jury.

Respectfully Submitted,

_____
Diana C. Servos
Attorney for the Plaintiff

DIANA C. SERVOS (4994471)
S.T. Legal Group
1020 Milwaukee Ave., Suite 335
Deerfield, Illinois 60015
(847) 654-9200
dservos@stlegalgroup.com

7

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street,
Chicago, Illinois, 60604
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To: Mrs. Sarah J. Ahmed
43 E Pine Ave
Roselle, IL 60172

Charge No: 440-2020-06851

| EEOC Representative and email: | Sergio Maldonado<br>Investigator<br>sergio.maldonado@eeoc.gov |

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2020-06851.

On Behalf of the Commission:

Digitally Signed By: Julianne Bowman
03/14/2022
Julianne Bowman
District Director

Cc: AVEDA CORPORATION

Please retain this notice for your records.

**Exhibit 1**

Enclosure with EEOC Notice of Closure and Rights (Release Date)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

We recommend that you and your attorney (if you retain one) review the resources at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 440-2020-06851 to the District Director at Julianne Bowman, 230 S Dearborn Street Chicago, IL 60604. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.